# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SOLOMON LEWIS,                    :
                Petitioner,          :          3:14-cv-2325
                                :
         v.                                :          (Judge Mariani)
                                :
WARDEN, U.S.P. CANAAN,                     :
                Respondent.          :

## MEMORANDUM

Petitioner, William Solomon Lewis, an inmate currently confined at the Canaan United States Penitentiary in Waymart, Pennsylvania, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that his constitutional rights were violated during the course of a prison disciplinary hearing where he was charged with the prohibited acts of threatening another with bodily harm, and refusing an order. (*Id.*). Presently pending before the Court is Petitioner's motion requesting appointment counsel and requesting a hearing.[1] (Doc. 8). For the following reasons, the Court will deny the motion.

## Discussion

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752

---

[1]  Petitioner also requests the status of his pending habeas petition. Petitioner is assured that the Court is in receipt of all filings in the instant case, and the Court will carefully review this matter and enter an Order in due course.

(1991), the Court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . ." *See* 18 U.S.C. § 3006A(a)(2);[2] *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle, other factors to be examined are:

1. the claimant's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
4. the claimant's capacity to retain counsel on his or her own behalf;
5. the extent to which the case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

---

[2]   Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2).

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Assuming *arguendo* that the petition has merit, Petitioner presents absolutely no arguments in support of his request for counsel. *See* (Doc. 8). Thus, he has failed to set forth any circumstances warranting appointment of counsel. *Tabron*, 6 F.3d at 155-56.

Upon review of the habeas petition, Petitioner demonstrates the ability to present comprehensible arguments. Despite his incarceration, investigation of the facts does not seem beyond Petitioner's capabilities. Additionally, the legal issues in this case are relatively clear and will not require expert testimony.

Petitioner has demonstrated an adequate ability to articulate his claims *pro se* and it does not appear that he will suffer prejudice if forced to prosecute this case on his own. Furthermore, this Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel. Hence, the motion for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Additionally, it appears that there will be no need for a hearing in this matter. If the Court determines that an evidentiary hearing should be held or if further

proceedings otherwise demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Petitioner.

A separate Order follows.

Date:  June 21, 2015

Robert D. Mariani
United States District Judge

4